United States District Court
Southern District of Texas
**ENTERED**
November 05, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AISHA WRIGHT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:20-cv-0975 |
| TRANSPORTATION COMMUNICATION | § | |
| UNION/IAM, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the Court on Defendant's Motion to Dismiss.[1]

ECF 13.  The Court ordered Plaintiff to respond by September 18, 2020.[2]  ECF 17.  To

date, and despite being ordered to do so, Plaintiff has not filed a Response.  The Court may

deem Defendant's Motion to Dismiss unopposed.[3]  LOC. R. S. D. TEX. 7.3, 7.4.  Having

considered the Motion and the law, the Court recommends that the Motion be GRANTED

and this case be DISMISSED WITH PREJUDICE.

---

[1] The District Court referred the case to this Magistrate Judge for pre-trial management.  ECF 15.

[2] Dismissal of this case is also appropriate for Plaintiff's failure to comply with a Court order. FED. R. CIV. PRO. 41(b).

[3] Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4.  It is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response. *Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011); *Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (W.D. Tex. Dec. 19, 2017).  However, Plaintiff has presented no facts that plausibly state a claim for relief and has not requested leave to amend.  Thus, the Court concludes dismissal is appropriate and amendment would be futile. *See Lyons v. Starbucks Coffee Co., No*. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020), report and recommendation adopted, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) ("when a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case."); *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

### I. Background

Plaintiff Aisha Wright worked as a Claims Representative for Union Pacific Railroad Company (Union Pacific) and was a member of the Transportation Communications Union/IAM (TCU/IAM). In March 2016, Union Pacific "disqualified" Wright from the position of Claims Representative due to her "inability to consistently and adequately perform [her] job as required."  In accordance with procedures in the collective bargaining agreement, TCU/IAM filed a grievance on Wright's behalf.  The grievance was submitted to final and binding arbitration before Public Law Board 7466, which upheld the disqualification as proper.  In August 2016 Wright, represented by counsel, sued Union Pacific for age, race, and sex discrimination and retaliation based on events in 2014-2015 as well as the 2016 disqualification.  The District Court granted Union Pacific's motion for summary judgment and dismissed with prejudice Plaintiff's discrimination and retaliation claims related to the 2016 disqualification.  *See Wright v. Union Pacific*, Civil Action 4:16-cv-2802 (S.D. Tex. Dec. 8, 2017, slip op.) (ECF 52).[4]

After the 2016 disqualification, Wright obtained a position as a Material Handler for Union Pacific. She worked in that position until Union Pacific terminated her employment in 2018.  TCU/IAM filed a grievance on Wright's behalf challenging her 2018 termination.  At the time TCU/IAM filed this motion that grievance is still pending before an arbitration panel.  In January 2019, Wright sued Union Pacific for retaliation based on her August 2018 termination.  The District Court dismissed her claims pursuant to Federal

---

[4] The parties settled Wright's surviving claims shortly before trial.  *See* Civil Action No. 4:16-2802, ECF 64.

Rule of Civil Procedure 12(b)(6) for failure to state claim upon which relief can be granted. *See Wright v. Union Pacific*, Civil Action 4:19-cv-0203 (S.D. Tex. June 1, 2020, slip op.) (ECF 36).  Wright's appeal of the dismissal of her claims against Union Pacific in Civil Action 4:19-cv-0203 is pending before the Fifth Circuit.  *See* USCA No. 20-20334.

Plaintiff filed the current action pro se on March 12, 2020 asserting claims against TCU/IAM under 42 U.S.C. § 1981, Title VII, and the Texas Commission on Human Rights Act (TCHRA).[5]  Plaintiff asserts in this case that TCU/IAM is liable to her for failing to protect her from Union Pacific's discrimination and retaliation in connection with the 2016 disqualification and the 2018 termination.

TCU/IAM moves to dismiss Wright's case in its entirety based on collateral estoppel and failure to state a claim upon which relief can be granted because, among other things, she failed to exhaust administrative remedies.  Again, Wright did not file a response to the motion.

## II.  Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d

---

[5] On December 2, 2019, Wright filed an EEOC charge against TCU/IAM asserting that it discriminated against her by failing to fairly represent her in connection with her 2016 disqualification and 2018 termination due to her race, age, and disability and in retaliation for her filing of an EEOC charge.  The EEOC issued a right to sue letter on December 13, 2019.   Plaintiff's Complaint does not cite the ADA as the basis for any claim in this case.

600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court will consider the April 2019 Arbitration Award attached as Exhibit 1 to TCU/IAM's motion, ECF 13-3, because it is central to Plaintiff's claims and takes judicial notice of pleadings and court rulings in Civil Action Nos. 4:16-cv-2802 and 4:19-cv-0203.

## III.    Analysis

TCU/IAM moves to dismiss Plaintiff's claims based on the collateral estoppel effect of her prior lawsuits, and because she has failed to state a claim pursuant to Section 1981, Title VII, or TCHRA.

4

### A.  Collateral estoppel

Application of collateral estoppel to a prior federal judgment requires:

> (1) that the issue at stake be identical to the one involved in the prior litigation;
> (2) that the issue has been actually litigated in the prior litigation; and
> (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983).  Complete identity of parties in the prior and subsequent lawsuits is not required:

> The federal principle of collateral estoppel precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate the issue, regardless of whether his present adversary was a party to the previous lawsuit.

*Id.*   Collateral estoppel applies even when an appeal of the prior federal order remains pending. *See United States v. Safety Nat. Cas. Corp.*, 782 F. Supp. 2d 420, 424 (S.D. Tex. 2011)("The Court must follow clear Fifth Circuit precedent, and accordingly holds that, where the prior order was based on federal law, a pending appeal of that order has no effect on its effect as collateral estoppel."); *In re Sims*, 479 B.R. 415, 421 (Bankr. S.D. Tex. 2012) ("The Fifth Circuit has established that, for purposes of collateral estoppel, a judgment may be final even though an appeal is pending."). The Court concludes that most of Plaintiff's claims against TCU/IAM in this case are barred by collateral estoppel.

The issues of whether Union Pacific (1) discriminated against Plaintiff on the basis of age, race, or sex, or (2) retaliated against Plaintiff for discrimination in connection with her 2016 disqualification, were actually litigated in Civil Action No. 4:16-cv-2802. *See Wright v. Union Pacific*, Civil Action 4:16-cv-2802 (S.D. Tex. Dec. 8, 2017, slip op.) (ECF

52 at 32) (order granting summary judgment in favor of Union Pacific on plaintiff's discrimination and retaliation claims). The Court's determination of those issues was central to the dismissal on summary judgment of Plaintiff's claims in Civil Action No. 4:16-cv-2802. Plaintiff's claims against TCU/IAM in this case raise identical issues already decided in Civil Action No. 4:16-cv-2802—whether Union Pacific discriminated or retaliated against Plaintiff in connection with her 2016 disqualification. Therefore, all three elements of collateral estoppel are present and preclude Plaintiff from asserting claims that TCU/IAM failed to protect her in 2016 from age, race, and sex discrimination and retaliation by Union Pacific.

The issue of whether Union Pacific unlawfully retaliated against Plaintiff in 2018 by terminating her employment was actually litigated in Civil Action No. 4:19-cv-0203 because the Court determined she failed to state a claim against Union Pacific for retaliation, among others, and dismissed her case. *See Wright v. Union Pacific*, Civil Action 4:19-cv-0203 (S.D. Tex. June 1, 2020, slip op.) (ECF 36) (Opinion on Dismissal). Plaintiff asserts a claim that raises the same issue in this case—that TCU/IAM failed to protect her from retaliation in 2018 by Union Pacific. The dismissal of Civil Action 4:19-cv-0203 was with prejudice and on the merits, and thus has preclusive effect. *See May v. Transworld Drilling Co.,* 786 F.2d 1261, 1263 (5th Cir. 1986) ("[A] judgment dismissal for failure to state a claim is a judgment on the merits, with preclusive effect."); *Lee v. City of San Antonio*, 192 Fed. App'x. 258, *2 (5th Cir. 2006) (per curiam) (holding prior dismissal of equal protection claim for failure to plead an official policy, practice, or custom was judgment on the merits with preclusive effect and barred later suit under section 1983).

Wright makes no new factual allegations on the issue of Union Pacific's retaliation in this case.[6]  Again, all three elements of collateral estoppel are present and preclude Plaintiff from asserting any claim that TCU/IAM is liable for failing to protect her in 2018 from retaliation by Union Pacific.

However, whether Union Pacific discriminated against Plaintiff on the basis of age, race, or sex when it terminated her employment in 2018 are not issues litigated in Civil Action No. 4:19-cv-0203.  Therefore, the Court addresses TCU/IAM's motion to dismiss those claims pursuant to Rule 12(b)(6) below.

### B.  Plaintiff fails to state a Title VII or TCHRA claim due to lack of exhaustion

A plaintiff must exhaust administrative remedies before pursuing Title VII or TCHRA claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 376-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)); *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 586 (5th Cir. 2020).

Title VII requires a plaintiff to file an EEOC charge within 180 days of the illegal practice. 42 U.S.C. § 2000e–5(e)(1).  This period is expanded to 300 days if the plaintiff filed a timely charge with a responsible state agency, here the Texas Workforce Commission (TWC).  *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 732 (S.D. Tex. 2014).  TCRHA also requires a plaintiff to file a charge with the TWC within 180 days of the illegal practice.  TEX. LABOR CODE § 21.254.  However, filing a charge with the EEOC outside of that time period does not expand a plaintiff's time for bringing a TCHAR claim

---

[6] Even if Wright's claims were not precluded by collateral estoppel, her allegations fail to state any plausible claim for relief against TCU/IAM.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

in federal court.  *Clark*, 952 F.3d at 586 (if a charge is filed with the EEOC more than 180 days after the occurrence of an alleged unlawful employment practice, a claim under TCHRA is subject to dismissal as time-barred).

Plaintiff does not allege that she filed a charge of discrimination with the TWC at any time.  This defect is fatal to her TCHRA claims.  *Id.*  However, Plaintiff attached to her Complaint a Charge of Discrimination filed with the EEOC on December 2, 2019.[7] ECF 1 at 11-12.  Because Plaintiff did not file an EEOC claim until December 2, 2019, she cannot complain about any discriminatory conduct that occurred before February 5, 2019—the date 300 days prior to the December 2, 2019 EEOC complaint.  Put yet another way, based on the date of her EEOC complaint, Plaintiff is barred from pursuing any claims based on events before February 5, 2019, because she failed to exhaust administrative remedies as to pre-February 5, 2019 conduct by filing an  EEOC charge within 300 days of the alleged conduct.  All of the discriminatory or retaliatory acts Plaintiff describes in her Complaint occurred in 2018.  Therefore, she has failed to exhaust her administrative remedies as to all claims against TCU/IAM under Title VII and TCHRA and such claims must be dismissed.

### C.  Plaintiff fails to state a Section 1981 claim for discrimination

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts… as white citizens…."  42 U.S.C. § 1981; *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*,

---

[7] The Charge does not indicate that it was intended to be a dual filing with the TWC.  Plaintiff checked the boxes on her charge indicating discrimination based on race, color, age, disability and retaliation. The Complaint does not assert a claim under the ADA.

869 F.3d 381, 386 (5th Cir. 2017).  To state a claim under § 1981, Plaintiff must allege: (1) that she is a racial minority; (2) that the defendant intended to discriminate against her on the basis of race; and (3) that the discrimination concerns one or more of the activities enumerated in the statute.  *Id.*; *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011). "[N]aked allegation[s] of discriminatory intent are too conclusory to survive a motion to dismiss." *Body by Cook, Inc.*, 869 F.3d at 386.

Plaintiff alleges that she is an African-American female.  ECF 1 at 2.  However, she never alleges that TCU/IAM or Union Pacific intentionally discriminated against her based on her race by terminating her employment in 2018.  As discussed above, her allegations of wrongful conduct by Union Pacific have already been rejected by two federal courts. Plaintiff alleges here that TCU/IAM should be liable for allowing the alleged discrimination by Union Pacific to occur.  The facts alleged in Plaintiff's complaint do not raise an inference that race was the motivating factor behind any act or failure to act by TCU/IAM or Union Pacific related to her 2018 termination.  *See Reed v. Brady Trucking, Inc.*, No. CV H-18-4437, 2019 WL 1244100, at *11 (S.D. Tex. Mar. 18, 2019) (granting motion to dismiss where plaintiff's "amended complaint cannot create an inference that he was discriminated against based on his race").  Therefore, any claims under Section 1981 against TCU/IAM for discrimination should be dismissed.[8]

---

[8] To the extent any Title VII or THCRA claims are not barred by collateral estoppel or lack of exhaustion, they are also subject to dismissal for the same reason as the § 1981 claims, e.g., Plaintiff does not allege that TCU/IAM took any action because of her membership in a protected class. *See Mangum v. Texas Dep't of Family & Protective Servs.*, No. 4:14-CV-2123, 2015 WL 566362, at *2 (S.D. Tex. Feb. 5, 2015) (dismissing complaint that lacked "any factual allegations to support a reasonable inference of employment discrimination based on Title VII").

## IV.     Conclusion and Recommendation

For the reasons set forth above, the Court recommends that Defendants' Motion to Dismiss be GRANTED and all Plaintiff's claims in this case be DISMISSED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 05, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge